

ORDERED in the Southern District of Florida on January 4, 2024.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
**www.flsb.uscourts.gov**

| | |
|---|---|
| EDGEWATER CONSTRUCTION GROUP, INC., | Case No.: 23-12217-LMI |
| Debtor. | Chapter 11<br>Subchapter V |
| _____/ | |

**ORDER CONFIRMING THE DEBTOR'S**
**SUBCHAPTER V PLAN FOR REORGANIZATION**

This matter came before the Court on December 20, 2023 at 9:30 a.m., (the "Hearing") to consider confirmation of the *Amended Plan of Reorganization of Edgewater Construction Group, Inc.* [ECF# 346] (the "Plan"), proposed by Edgewater Construction Group, Inc. (the "Debtor", "Edgewater" or "Plan Proponent").[1]  In connection with the confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including: the *Certificate of Proponent of Plan on Acceptance of Plan, Report on Amount to be Deposited, Certificate of Amount Deposited and*

___

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

*Payment of Fees* [ECF# 439], the *Confirmation Affidavit for Subchapter V Debtor* [ECF# 440], the live testimony of Ulysses and Dulce Vazquez, respectively; the live testimony of Larry Hyman; the *Supplement to Amended Plan of Reorganization as to Class 2 and Banesco, USA Only* [ECF# 443] (the "Banesco Supplement"), the *Second Supplement to Amended Plan of Reorganization* [ECF# 455] and the Second Amended Exhibit "B" to the Plan [ECF #470] (the "Plan Projections"); the representations and argument made on the record of the Hearing by Debtor's counsel, counsel for Balfour Beatty Construction, LLC ("Balfour Beatty"), counsel for QBE Insurance Corporation ("QBE"); counsel for United Fire & Casualty Company ("United Fire"), counsel for Banesco USA ("Banesco"), counsel the United States Trustee (the "US Trustee"), and the Subchapter V Trustee. Having considered that the Plan has met the requirements of 11 U.S.C. § 1191(a), and all objections to confirmation of the Plan have been overruled, resolved, or withdrawn, and after proper notice and a hearing, the Court finds and concludes as follows:

## FINDINGS OF FACTS & CONCLUSIONS OF LAW

A.     **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[2] and the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

B.     **Venue**. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C.     **Notice**. Due, adequate, and sufficient notice of the Plan and the *Order (I) Setting Hearing on Confirmation of Subchapter V Amended Plan; (II) Setting Hearing on Fee Applications; (III) Setting Various Deadlines; and (IV) Describing Debtor's Plan Obligations* [ECF# 195] were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan (including any supplements thereto), notice of the

---

[2] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the Bankruptcy Rules, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the Confirmation Deadlines was necessary or required.

        D.      **Objections to Confirmation**. Objections to confirmation of the Plan were filed by Creditor, Banesco USA [ECF# 386] and Balfour Beatty [ECF# 404]. Subsequently, by means of Banesco Supplement, Banesco withdrew its objection to the Plan [ECF# 476]. The Court, having heard the presentation of Debtor's counsel and counsel for Balfour Beatty, including the testimony of its expert witness, Larry Hyman, overruled the Balfour Beatty's objection to the Plan.

        E.      **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Specifically, the Plan provided for the following four separate classes of claims: (i) secured claims; (ii) priority claims; (iii) general unsecured claims; and (iv) equity. The classification of claims in the Plan is reasonable.

        F.      **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan. Specifically, Classes 1and 2 are unimpaired, and therefore the holder of the Class 1 and 2 claim are conclusively presumed to have accepted the Plan.

        G.      **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. Article III of the Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan. Class 3 and 4 are impaired. Class 3 was entitled to vote to accept or reject the Plan and Class 4 was presumed to accept the Plan and not entitled to vote.

        H.      **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class, unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Article V of the Plan provides adequate means for the Plan's implementation. Specifically, the Plan proposes to pay Allowed Claims via a Plan Fund consisting of either, some, or all of the following: (i) Net Disposable Income (as defined in Article 5.2.1, in the Plan); (ii) the commitment of all of the Debtor's Principals nonexempt assets to the Plan (the "Vazquez Exit Contribution"), and (iii) recovery(ies) from the Retained Causes of Action.

J. **Non-Voting Equity Securities/Allocation of Voting Power – 11 U.S.C. § 1123(a)(6)**. The Allowed Equity Interests in the Debtor are retained under the Plan. All equity holders of the Debtor which existed as of the Petition Date will continue to retain their same percentage ownership interests in the Reorganized Debtor.

K. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

L. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. Article VI of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any unterminated executory contract or unexpired lease of the Debtor not previously rejected under such section. In this case, the Debtor has expressly assumed the following executory contracts detailed in Article 6.2 of the Plan:

| Contract Party | Nature of Contract | Cure Amount |
| --- | --- | --- |
| Coastal Construction of Central Florida, LLC | Subcontract for Aston Martin Project | None; Assumed as modified per ECF 136 |

M. **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

N.      **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the Plan is not the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933.

O.      **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Plan complies with § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

P.      **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the Debtor, (2) a liquidation analysis, and (3) a feasibility analysis.

Q.      **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**.  The Court Finds that 95.2% of the value of Allowed Claims and 71.4% of Allowed Claimholders that voted accepted the Plan.  As a result, the Plan is confirmed under § 1191(a).

R.      With respect to the applicable provisions of § 1129(a), the Court Finds and Concludes as follows:

  i.   **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan Proponent complied with the applicable provisions of the Bankruptcy Code.

  ii.  **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

  iii. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

  iv.  **11 U.S.C. § 1129(a)(5)**. Article 5.4 of the Plan discloses that during the term of the Plan, Ulysses Vazquez will stay on as Edgewater's president and operations manager at his current salary of $165,000.00 per year and Dulce Vazquez will continue her role as Edgewater's vice-president, controller, and general manager at her current salary of $125,000.00 per year.

Notwithstanding the foregoing, the Plan Projections and the testimony of Ulysses and Dulce Vazquez, respectively, at the Hearing reflect that the Vazquezes are committed to reducing their respective compensation for the purposes of keeping the Reorganized Debtor cash flow positive.

    v.    **11 U.S.C. § 1129(a)(6)**. [11 U.S.C. § 1129(a)(6) is not applicable to this Debtor.

    vi.    **11 U.S.C. 1129(a)(7)**. The Plan provides that, with respect to each impaired Class of Claims or interests, each holder of a Claim or interest of such Class has accepted the Plan, or will receive or retain under the Plan on account of such Claim or interest property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under Chapter 7 of this title on such date, or each holder of a Claim of such Class will receive or retain under the Plan on account of such claim property of a value, as of the Effective Date, that is not less than the value of such holder's interest in the estate's interest in the property that secures such Claims in compliance with 11 U.S.C. § 1111(b)(2).

    vii.    **11 U.S.C. §§ 1129(a)(8) and (a)(10)**. Class 2 has accepted the Plan.

    viii.    **11 U.S.C. § 1129(a)(9)**. The Plan provides that all Allowed Priority Tax Claims of the kinds specified in 11 U.S.C. § 507(a)(8), will be paid in full on the Effective Date.

    ix.    **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan.

    x.    **11 U.S.C. § 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on the Effective Date.

    xi.    **11 U.S.C. §§ 1129(a)(13)(14) and (15)** are inapplicable to the Debtor.

    xii.    **11 U.S.C. § 1129(a)(16).** Any transfer of property under the Plan is being made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by the Debtor.

**Accordingly, the Court does ORDER:**

1. **Confirmation**. The Plan is CONFIRMED under 11 U.S.C. § 1191(a).

2. **Objections**. Balfour Beatty's objection to the Plan is OVERRULED.

3. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, and any creditor, equity security holder, or general partner in the Debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner, is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the Plan.

4. **Treatment of claims and interests**.

    a. <u>Class 1</u>. The Debtor does not have any Priority Claims. However, if a governmental unit files a timely proof of claim that is Allowed, the Debtor will pay said claim in full on the Effective Date or in installments pursuant to 11 U.S.C. § 1129(a)(9).

    b. <u>Class 2</u>. Each holder of an Allowed Secured Claim shall receive: (a) payment in full in cash on account of such Allowed Secured claim; (b) the collateral securing such Allowed Secured claim; or (c) such other treatment rendering such Allowed Secured claim unimpaired. Specifically as to the Secured Claims treated under the Plan, the payments to the following Allowed Secured Creditors set forth in the Plan Projections are approved as follows:

    i. United States Small Business Administration (the "<u>SBA</u>"): $2,100 per month starting on the Effective Date of the Plan. Upon sale of any of the SBA's collateral, the proceeds of such sale less any agreed upon surcharge under §506(c) shall be remitted to the SBA and the balance of the SBA's Allowed Secured Claim paid in equal monthly installments for the duration of the Plan term;

    ii. De Lage Landen Financial: $850 per month until the earlier of payment in full or the duration of the Plan term without prejudice to the Reorganized Debtor to enter into an agreement for full payment at a discounted rate;

    iii. Ally Bank: $54 per month until the earlier of payment in full or the duration of the Plan term without prejudice to the Reorganized Debtor to enter into an agreement for full payment at a discounted rate; and

    iv. Banesco USA: Continued payments pursuant to prepetition contract terms, subject in all respect to the Banesco Supplement and without prejudice to the Reorganized

    Debtor to renegotiate or refinance the unpaid balance of Banesco's Allowed Secured Claim.

    c. <u>Class 3</u>. In the event that the Reorganized Debtor realizes a recovery of any of the Project Receivables or any Retained Causes of Action, including, Chapter 5 Claims identified by the Subchapter V Trustee or the claims related to Balfour Beatty's violation of the automatic stay and civil theft (of the Debtor's equipment and material), the Reorganized Debtor will commit 50% of every dollar collected (after payment of fees and costs associated therewith) to Class 3 on a *pro rata* basis.

    d. <u>Class 4</u>. On the Effective Date, the Equity Interests will be retained in the same amounts and character as they were held prior to the Petition.

5.    **Ordinary Course of Business Administrative Expenses**. Assumed by the Reorganized Debtor and paid in due course pursuant to ordinary course of business terms.

6.    **Allowed Administrative Fees and Expenses of Professionals.**

    a. <u>Touron Law, P.A., Special Construction Law Counsel to the Debtor</u>: To be paid in full pursuant to the sums awarded by separate Order of this Court on or before the Effective Date.

    b. <u>Agentis PLLC, Attorneys for the Debtor ("Agentis")</u>[3]: Paid in full pursuant to the sums awarded by separate Order of this Court on or before 6 months from the Effective Date. Any partial sums remitted by the Debtor or Reorganized Debtor shall be payable *pari passu* with the Subchapter V Trustee (except that Agentis may elect to remit payment in full to the Subchapter V Trustee, deferring payment to itself).

    c. <u>Carol Fox, Subchapter V Trustee</u>: Paid in full pursuant to the sums awarded by separate Order of this Court on or before 6 months from the Effective Date. Any partial sums remitted by the Debtor or Reorganized Debtor shall be payable *pari passu* with Agentis (except that Agentis may elect to remit payment in full to the Subchapter V Trustee, deferring payment to itself).

    d. <u>Agentis - fees and costs related to litigation with Balfour Beatty resulting from violation of the automatic stay and/or civil theft)</u>: Deferred until trial on damages portion of automatic stay violation or adjudication of civil theft claim, as the case may be.

---

[3] <u>(except for sums related to litigation with Balfour Beatty)</u>

  e. <u>Daniel S. Hughes, CPA, CFF, CGMA, CVA and the Firm of Berkowitz Pollack Brant Advisors & CPAs as Testifying Expert Witness</u>: Deferred until trial on damages portion of automatic stay violation.

7. **<u>Re-vesting of Property</u>**. Under 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor.

8. **<u>Post-Confirmation Operation of Business</u>**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

9. **<u>Discharge</u>**. This Plan is confirmed under § 1191(a). As such, the Debtor is discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code.

10. **<u>General Releases and Injunctions.</u>** As of the Effective Date, except for the Debtor's express obligations under the Plan and subject, in all respects to the Banesco Supplement, (including guaranties, pledges, and security agreements to be executed post-confirmation), and causes of action that do not arise until the Petition Date, the Debtor and the Reorganized Debtor, and their respective present and former affiliates, successors, professionals, and their respective heirs, executors, administrators, and assigns, are hereby released and discharged from any and all claims, causes of action, demands, liabilities, losses, damages, whether known or unknown, under federal, state or other law, that arose after the Petition Date and prior to the Effective Date in connection with any matter

arising from or relating to the Debtor, excepts for any acts or omissions resulting from fraud or gross negligence.

11. **Bar Order**

   a. As long as the Reorganized Debtor is not in default under the Plan, the QBE Settlement, or the United Fire Settlement, and subject to the Banesco Supplement, holders of Allowed Claims and interested parties shall be permanently enjoined and forever barred from taking any of the following actions: (a) commencing or continuing in any manner any action or other proceeding against Dulce Prats-Vazquez and Ulysses Vazquez; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against Dulce Prats-Vazquez and Ulysses Vazquez; and (c) creating, perfecting or enforcing any lien or encumbrance against Dulce Prats-Vazquez and Ulysses Vazquez. Dulce Prats-Vazquez and Ulysses Vazquez shall have the right to independently seek enforcement of this injunction provision.

   b. For avoidance of doubt, parties referred to in this Paragraph 11 and its subparts include, without limitation, all parties listed in the Debtor's Bankruptcy schedules, named in the Plan, and the following listed on this Court's *Order reopening and Extending Claims Bar Date for Omitted Creditors and Notice of Extended Claims Bar Date* [ECF #183]:

| Creditor | Account Number | Obligor(s) |
|---|---|---|
| American Express Bank | XX15001 | Edgewater and Dulce Prats Vazquez |
| American Express Bank | XX45005 | Ulysses Vazquez |
| Bank of America | XX0117 | Dulce Prats Vazquez |
| BJ's Mastercard Capital One | XX0876 | Ulysses Vazquez and Dulce Prats Vazquez |
| Capital One Spark | XX0839 | Edgewater and Ulysses Vazquez |
| First National Bank of Omaha (successor to New York Life) | XX2794 | Ulysses Vazquez and Dulce Prats Vazquez |
| U.S. Century Card Service Center | XX0290 | Edgewater and Dulce Prats Vazquez |

c.  The foregoing injunctions and bars are justified in this case based on the following non-exclusive factors:

1.  There is an identity of interests between the Debtor and the Debtor's Principals, such that a suit against the Debtor's Principals is, in essence, a suit against the Debtor or will deplete the assets of the estate. In this case, Dulce and Ulysses Vazquez are obligated to indemnify the Sureties (which have filed claims totaling over $17 million) and have personally guaranteed or are the primary borrowers of credit cards used solely or primarily for the Debtor's business operations.

2.  The Debtor's Principals are committing 100% of the value of their non-exempt assets to this Plan, in addition to their commitment of labor and time to the reorganization of the Debtor.

3.  The instant injunction is essential to reorganization; namely, the reorganization hinges on the Debtor being free from indirect suits against parties who would have indemnity or contribution claims against the Debtor.

*See, In re. Seaside Engineering & Surveying, Inc.*, 780 F.3d 1070 (11th Cir.2015).

12. **Disbursing Agent**. The Reorganized Debtor shall be the disbursing agent and make all payments under the Plan.

13. **United States Trustee Guidelines**. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

14. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

15. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

16. **Discharge of the Subchapter V Trustee**. The Subchapter V Trustee is discharged after the Effective Date. Notwithstanding the foregoing, the Subchapter V Trustee is authorized to undertake any such functions contemplated and provided for in the QBE Settlement, the United Fire Settlement, and Article 5.10 of the Plan.

17. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

   a. Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the Plan;

   b. Resolve any motions, adversary proceedings, or contested matters that are pending as of the date of substantial consummation;

   c. Adjudicate objections to claims;

   d. Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

   e. Resolve disputes with respect to the Retained Causes of Action and/or the Project Receivables;

   f. Resolve disputes with respect to the QBE Settlement and/or the United Fire Settlement;

   g. Adjudicate modifications of the plan under 11 U.S.C. § 1193;

   h. Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

   i. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

# # #

Submitted by:
Jacqueline Calderin
jc@agentislaw.com
Agentis PLLC
*Attorneys for the Reorganized Debtor*
45 Almeria Avenue
Coral Gables, Florida 33134
T. 305.722.2002 | www.agentislaw.com


Copies to:  Attorney Calderin, who is directed to serve a conforming copy herein upon on all required parties and file with the court a certificate of service conforming to Local Rule 2002-1(F).