*Tagged opinion*



**ORDERED in the Southern District of Florida on November 18, 2024.**

**Laurel M. Isicoff, Judge
United States Bankruptcy Court**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| IN RE: | Chapter 11 |
| EDGEWATER CONSTRUCTION GROUP, INC. | Subchapter V |
| | Case No. 23-12217-LMI |
| Debtor._____/ | |

**ORDER ON REORGANIZED DEBTOR'S MOTION FOR ATTORNEYS' FEES AND COSTS AS A SANCTION AND REORGANIZED DEBTOR'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND COSTS AS A SANCTION**

THIS MATTER came before the Court upon *Reorganized Debtor's Motion for Attorneys' Fees and Costs as a Sanction* (ECF #569) (the "Fee Motion") and *Reorganized Debtor's Supplemental Motion for Attorneys' Fees and Costs as a Sanction* (ECF #658) (the "Supplemental Fee Motion") (the Fee Motion and Supplemental Fee Motion are collectively referred to as the "Additional Fee Requests"). The Fee Motion and the Supplemental Fee Motion were submitted by Edgewater Construction Group, Inc. ("Debtor", "Edgewater" or "Reorganized

Debtor"), originally, in connection with the damages phase of violations of the automatic stay by Balfour Beatty Construction, LLC ("Balfour Beatty"), more fully described in this Court's *Order on Debtor's Emergency Motion for an Order Enforcing the Automatic Stay; Setting Further Hearing on Request for Sanctions for Intentional and Willful Violation of the Automatic Stay; and Setting Further Hearing on Request for Turnover* (ECF #242) (the "Stay Violation Order"). Having reviewed the Additional Fee Requests, as well as the responses and replies thereto[1], the Court denies Edgewater's request for any fees as sanctions other than those that have been awarded by this Court in its *Order on Damages* (ECF #667) (the "Damages Order").

In the Additional Fee Requests, Edgewater argues that the Stay Violations[2] were part of a pattern of litigious, unreasonable, unfounded in law or fact, actions taken by Balfour Beatty. This continued pattern of sanctionable acts, Edgewater asserts, were "abusive litigation tactics", warranting sanctions under 11 U.S.C. §105 equal to almost all the attorneys' fees incurred by Edgewater in connection with the main bankruptcy case.

---

[1] (1) *Notice of Filing Invoice for Services Rendered by Berkowitz Pollack Brant in support of Reorganized Debtor's Motion for Attorneys' Fees and Costs as a Sanction* (ECF #578); (2) *Balfour Beatty Construction, LLC's Objection and Response in Opposition to Reorganized Debtor's Motion for Attorney's Fees and Costs as a Sanction* (ECF #621) ("Initial Fee Objection"); (3) *Balfour Beatty Construction, LLC's Objection and Response in Opposition to Reorganized Debtor's Supplemental Motion for Attorney's Fees and Costs as a Sanction* (ECF #660) ("Supplemental Fee Objection"); and (4) *Debtor's Omnibus Reply to (I) Balfour Beatty Construction, LLC's Objection and Response in Opposition to Reorganized Debtor's Motion for Attorney's Fees and Costs as a Sanction [ECF# 621] and (II) Balfour Beatty Construction, LLC's Objection and Response in Opposition to Reorganized Debtor's Supplemental Motion for Attorney's Fees and Costs as a Sanction [ECF# 660]* (ECF #663) ("Edgewater's Reply").
[2] All terms not defined herein shall have the meaning set forth in the Damages Order.

"A court may assess attorney's fees against litigants, counsel, and law firms who willfully abuse judicial process by conduct tantamount to bad faith." *Avirgan v. Hull*, 932 F.2d 1572 (11th Cir. 1991) (citing *Roadway Express Inc. v. Piper,* 447 U.S. 752, (1980)).  Section 105 of the Bankruptcy Code provides the bankruptcy court with the inherent power to sanction abusive litigation practices. *See Law v. Siegel*, 571 U.S. 415, 420-21 (2014).  "One aspect of a court's inherent power is the ability to assess attorneys' fees and costs against the client or his attorney, or both, when either has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (internal citations and quotations omitted). "This is sometimes referred to as the bad faith exception to the American Rule against fee shifting." *Id.* at n. 68. In imposing sanctions under Section 105(a) pursuant to its inherent power, "the court must find bad faith. A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *In re Evergreen Sec., Ltd.,* 570 F.3d 1257, 1273–74 (11th Cir. 2009) (internal citations and quotations omitted).

Edgewater points to a variety of pleadings and other actions that demonstrate Balfour Beatty's abusive litigation tactics and bad faith[3]:

(1) Balfour Beatty's Motion to Allow Post-Petition Claim for Damages Against the Debtor in the form of an Administrative Claim and subsequent amendments (ECF ##173, 353) (the "Motion for Payment of Administrative Claim");

---

[3] The Court is not listing here arguments relating to those fees associated with the Stay Violations, which have already been addressed in the Damages Order.

3

(2) Balfour Beatty's Motions to Modify the Automatic Stay to Allow Adjudication of Lien Priorities and Claims Involving Non-Real Estate Assets and subsequent amendments (ECF ##172, 355) (the "Motion for Relief from Stay");

(3) Balfour Beatty's proofs of claim and the Reorganized Debtor's multiple objections thereto;

(4) Balfour Beatty's Motion to Estimate Claims for Plan Confirmation Purposes (ECF #388);

(5) Balfour Beatty's Objection to Confirmation (ECF #404) which, Edgewater submits, warrants payment by Balfour Beatty of all costs associated with confirmation of the Plan, including all time associated with confirmation preparation[4];

(6) Balfour Beatty's limited objection to Debtor's settlement with QBE Insurance Group, Inc. (ECF #407);

(7) All costs associated with Debtor's efforts related to the demand for payment of the Unpaid Draws.

In Edgewater's view, everything Balfour Beatty did was motivated by ill will and designed to force Edgewater to litigate unnecessarily. While there are certain actions taken by Balfour Beatty that the Court finds, and found, were procedurally questionable, such as its Motion for Payment of Administrative Claim and its Motion for Relief from Stay, the same could be said for the Debtor, who had its own procedural missteps during the course of the bankruptcy case. Moreover, while Balfour Beatty may have selected a procedurally unusual path for some of the relief it sought, the substance of the relief it requested, although ultimately unsuccessful, was certainly well within the bounds of appropriate relief to request under the circumstances presented.

---

[4] Edgewater asserts that this includes time associated with the 2004 examination of Ulysses Vazquez, dated November 8, 2023, done in connection with plan confirmation and the 2004 examination of Dulce Prats-Vazquez, dated November 9, 2023. However, both examinations were set by the Debtor for reasons unrelated to Balfour Beatty's confirmation objection.

The Debtor takes particular exception to Balfour Beatty's objection to the QBE settlement and to confirmation of the plan, arguing, that Balfour Beatty manufactured a claim to have standing.  There is no question that Balfour Beatty initially took the position that it was not a creditor[5], based on the Debtor's decision to omit Balfour Beatty from the bankruptcy schedules and the creditor matrix, as well as the bankruptcy schedules.  However, as the case progressed it was clear that, while Balfour Beatty's pre-petition claim may have been contingent up until the official rejection of the Contracts by the Debtor,[6] there is no question that Balfour Beatty had, at least, a contingent claim.  The Debtor's argument that Balfour Beatty would not have had a claim if it had not wrongfully failed to allow Edgewater to complete the Contracts, ignores the fact that Edgewater admitted it could not complete the Contracts under the terms of those agreements.  And so, while the Debtor clearly did not agree with this Court's ruling allowing Balfour Beatty's claim to be estimated for confirmation purposes, the Court did estimate the claim.  Therefore, Balfour Beatty had every right to object to confirmation and to the QBE settlement that was part of the confirmation[7], notwithstanding that the Court ultimately overruled both objections.

In sum, the Debtor has failed to identify any instance where Balfour Beatty's litigation positions, albeit unrelenting, rose to the level of bad faith to

---

[5] *See Balfour Beatty Construction, LLC's Notice of Filing Its Proposed Findings of Fact and Conclusions of Law from the June 26, 2023 Evidentiary Hearing* (ECF #218).
[6] This is addressed in more detail in the Damages Order.
[7] Balfour Beatty filed a limited objection to the settlement solely as to certain provisions of the settlement which Balfour Beatty argued exceeded the resolution of the dispute with QBE and impacted larger issues relating to confirmation. *See Balfour Beatty Construction, LLC's Limited Objection to Debtor's Motion to Approve Settlement Agreement (ECF #357)* (ECF #407).

support the drastic sanctions requested by Edgewater. The Court finds that the only attorneys' fees to which Edgewater is entitled for sanctions are those awarded, both as actual and punitive damages, in the Damages Order.

Accordingly, it is **ORDERED** as follows:

1. The Additional Fee Requests are **DENIED**.

# # #

Copy to:
Kenneth G.M. Mather, Esq.
Robert P. Charbonneau, Esq.

*Attorney Mather is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*

6